IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TERRY JOHNSON** **PETITIONER**
Reg. #24785-009

v. 4:11CV00330-BRW-JJV

**United States of America** **RESPONDENT**

## ORDER

Pending is Mr. Johnson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). In his Petition, he alleges: (1) "his conviction [was] obtained by use of evidence gained pursuant to an unconstitutional search and seizure;" and (2) he was denied effective assistance of counsel.[1]

Under Rule 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURT, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[2] This rule is applicable to § 2241 petitions through Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES.[3]

Inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court.[4] Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing

---

[1] *Id.*

[2] Rule 4 of the RULES GOVERNING SECTION 2254 CASES.

[3] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES.

[4] *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

1

court.[5]

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated.[6] Therefore, a claim attacking the underlying sentence is properly considered in a § 2255 petition before the sentencing court and a claim attacking the execution of the sentence is properly brought in a § 2241 petition in the jurisdiction where the petitioner is incarcerated.[7]

Mr. Johnson filed this case as a habeas corpus petition under 28 U.S.C. § 2241.[8] However, the grounds he raises are not cognizable in a habeas petition, but should be brought in a 28 U.S.C. § 2255 motion. Therefore, this case is DISMISSED. The Clerk of the Court is directed to file Mr. Johnson's Petition (Doc. No. 1) as a Motion under 28 U.S.C. § 2255 in case number 4:09-cr-00065-BRW-1.

IT IS SO ORDERED this 26th day of April, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[5] *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

[6] *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

[7] *Nichols*, 553 F.3d at 649-50.

[8] While Mr. Johnson used a 28 U.S.C. § 2254 application, because he is a federal inmate, he is actually seeking relief under 28 U.S.C. § 2241.